IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PHILLIP MORRIS LEWIS,

    Petitioner,

v.

SHEILA OUBRE,

    Respondent.

CIVIL ACTION NO.

1:07-cv-2803-JEC

## ORDER & OPINION

This case is before the Court on petitioner Phillip Morris Lewis's Motion to Alter or Amend Judgment and to Stay or Hold Proceedings in Abeyance [63] ("Motion to Amend"). The Court has considered the record and the arguments of the parties and, for the following reasons, concludes that petitioner's Motion to Amend [63] should be **DENIED**.

## BACKGROUND

In February of 2003 a Murray County jury convicted petitioner of rape, aggravated sodomy, aggravated assault, criminal trespass, two counts of felony obstruction of a law enforcement officer, and possession of marijuana. *See Lewis v. State*, 271 Ga. App. 744, 744-45 (2005). The Murray County Superior Court sentenced petitioner to concurrent sentences totaling twenty years, which it modified to two concurrent life sentences without parole upon motion by the State. (Order [61] at 4.) Petitioner appealed his conviction to the Georgia

Court of Appeals, which affirmed, but did not seek further review from either the Supreme Court of Georgia or the Supreme Court of the United States.  (*Id.* at 4-5); *Lewis*, 271 Ga. App. at 745.

Then, on June 6, 2005, petitioner filed a habeas corpus petition in the Gwinnett County Superior Court (his "state habeas petition"), claiming ineffective assistance of counsel, prosecutorial misconduct, and actual innocence and contesting his conviction and the sentence imposed.  (*See* Notice [7] at Ex. 1, Pt. 1, at 5-9, 17-26.)  The Gwinnett County Superior Court denied petitioner's claims, mostly.  (*Id.* at 28-45.)  One section of the court's order found that the revised sentence imposed by the Murray County Superior Court contained a clerical error.  While the Murray County court re-sentenced petitioner under O.C.G.A. § 17-10-7, the memorialization of that action stated that petitioner's life sentence for aggravated sodomy was imposed pursuant to O.C.G.A. § 17-10-16.1.  (*Id.* at 41-43; *compare* Notice [7] at Ex. 1, Pt. 12, at 32-43 *with* Notice [7] at Ex. 1, Pt. 4, at 8.)  This, the court found, required remand "for the limited purpose of correcting the aforementioned clerical errors in [p]etitioner's sentence."  (Notice [7] at Ex. 1, Pt. 1, at 43.)  The Gwinnett County court issued its order on April 19, 2006, and the Murray County court entered a "final disposition" correcting the clerical error in petitioner's sentence on June 28, 2006.  (*Id.* at 45; Mot. to Expand the R. [27] at Final Disposition of Sup. Ct.)

2

Two months before the Murray County Superior Court took its corrective action, however, petitioner applied to the Supreme Court of Georgia for a Certificate of Probable Cause to appeal the Gwinnett County Superior Court's Order on the grounds that the underlying verdict was contrary to law and evidence and that he was incompetent to stand trial. (Notice [7] at Ex. 1, Pt. 2, at 51-52.) In conjunction with his application for a Certificate of Probable Cause, petitioner also filed a Notice of Appeal with the Gwinnett County Superior Court on May 19, 2006, and an Amended Notice of Appeal on May 31, 2006. (Mot. to Expand the R. [27] at App. A, R. of State Habeas Proceedings, at 5-10.)

The Supreme Court of Georgia denied petitioner's application for a Certificate of Probable Cause on November 6, 2006. (*Id.* at 19.) Thereafter, petitioner filed his federal habeas corpus petition in this Court on October 23, 2007. (Pet. [1].) After thorough and thoughtful consideration, the Court determined that petition to be untimely, granting the State's motion to dismiss it. (Order [61].) In response, petitioner filed his Motion to Amend [63] on October 1, 2012, which is now before the Court.

## DISCUSSION

### I. PETITIONER'S MOTION TO AMEND

Petitioner requests that this Court "alter and amend its judgment of October 1, 2012, which dismissed his Amended Petition for

3

Writ of Habeas Corpus based upon its Order of September 30, 2012, on the ground that he did not file it within the AEDPA's one-year limitations period." (Mot. to Amend [63] at 1.) In support of his motion, petitioner claims that the Murray County Superior Court lacked "jurisdiction or authority over his case at the time it ordered his production in court and re-sentenced him." (*Id.* at 3.) This is so, petitioner alleges, because his application for a Certificate of Probable Cause to appeal the denial of his state habeas petition was pending before the Supreme Court of Georgia at the time, acting as a supersedeas in all related matters. (*Id.* at 5-6.) Since the Murray County Superior Court did not have jurisdiction to re-sentence petitioner, "the implication of [its] action is that [petitioner] has no valid sentence", and, consequently, the "statute of limitations [for his federal habeas petition] has not yet begun to run." (*Id.* at 6.)

## II.  **FEDERAL RULE OF CIVIL PROCEDURE 59**

Federal Rule of Civil Procedure 59 permits "a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *In re Diplomat Cost., Inc.*, Bankr. No. 09-68613-MGD, 2013 WL 5999713, *1 (Bankr. N.D. Ga. Oct. 24, 2013)(Diehl, Bankr. J.)(quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)); FED. R. CIV. P. 59(e) (2014).

4

Federal Rule 59 itself does not provide a standard by which a court should evaluate motions to alter or amend a judgment, but it is "generally recognized" that there are three grounds for doing so: "'(1) to accommodate an intervening change in the controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent a manifest injustice.'" *In re Diplomat Cost., Inc.*, 2013 WL 5999713, at *1 (quoting *Pac. Life Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)); *see also United States v. Battle*, 272 F. Supp. 2d 1354, 1357 (N.D. Ga. 2003)(Evans, C.J.).  Put another way, "'the only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact.'" *Smith v. BP Am., Inc.*, 522 Fed. App'x 859, 865 (11th Cir. 2013)(quoting *In re Kellog*, 197 F.3d 1116, 1119 (11th Cir. 1999)).

## A. <u>Petitioner Could Have Raised His Arguments Prior to the Court's Entry of Judgment</u>

The thrust of petitioner's Motion to Amend is procedural.  It is based not upon an introduction of newly-discovered evidence unavailable at trial, but rather upon a new legal argument.  The authorities that petitioner relies upon in making his argument, however, are neither newly-issued nor evidence of an intervening

change in the governing law.[1]  And construing petitioner's argument that the Murray County Superior Court lacked jurisdiction to take corrective action as presenting a manifest error of law, such an argument could, and should, have been made at some point during the nearly five years that petitioner's federal habeas petition was pending before this Court issued its final Order.

The Eleventh Circuit has held that "'[a] Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry or judgment.'"  *Smith*, 522 Fed. App'x at 865 (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)).  Given petitioner's failure to proffer the arguments contained within his Motion to Amend at an earlier stage in the proceedings and lack of an explanation as to why he was unable to do so, precedent dictates that the Court deny his Motion to Amend.  *See, e.g.*, *Stone v. Wall*, 135 F.3d 1438, 1442 (11th Cir. 1998).

### B. Petitioner's Argument Fails on the Merits

Notwithstanding that petitioner's Motion to Amend can be denied solely for its belated assertion of arguments that could have been

---

[1] Petitioner's Motion to Amend and Reply [65] cite five authorities: *Harper v. State*, 286 Ga. 216 (2009); *Ferreira v. Sec'y, Dept. of Corrections*, 494 F.3d 1286 (11th Cir. 2007); *Upton v. Jones*, 280 Ga. 895 (2006); O.C.G.A. §§ 5-6-34 (2013) and 9-14-52 (1975). Section 5-6-34 has been amended since the Court issued its Order [61], but the amendments do not affect petitioner's claims.

6

presented earlier in the litigation, the Court has considered the merits of petitioner's claims. They too present a ground upon which the Court can deny petitioner's Motion to Amend.

### 1. Petitioner's Appeal of the Gwinnett County Decision Does Not Act as a Supersedeas

First, petitioner's appeal of the denial of his state habeas petition did not act as a supersedeas such that it deprived the Murray County Superior Court of the jurisdiction or authority to correct the clerical error in his sentence. Petitioner states that "'the filing of the notice of appeal [from the judgment of the state habeas court] operates as a supersedeas' and deprives the habeas court of jurisdiction during the pendency of the appeal", but that is not an entirely accurate description of Georgia law. (Mot. to Amend [63] at 5 (quoting *Upton v. Jones*, 280 Ga. at 896).)

Section 9-14-52 of the Georgia Code governs appeals of habeas corpus decisions. When the respondent, i.e., the State, appeals a habeas ruling, the filing of the notice of appeal "act[s] as a supersedeas and [] stay[s] the judgment of the superior court until there is a final adjudication by the Supreme Court." O.C.G.A. § 9-14-52(c). Further, "no certificate of probable cause need be obtained by the respondent as a condition precedent to appeal." *Id.* Not so for appeals filed by the petitioner, who must first obtain a Certificate of Probable Cause from the Supreme Court of Georgia to

7

appeal an adverse habeas decision. O.C.G.A. § 9-14-52(a). Then, the Court looks to Chapter Six of Title 5 of the Georgia Code to determine whether any supersedeas attaches. *Id.*

Chapter Six of Title Five of the Georgia Code contemplates the supersedeas effect of an appeal only in certain circumstances. In criminal cases, the latter has a supersedeas effect "where a sentence of death has been imposed or where the defendant is admitted to bail." O.C.G.A. § 5-6-45(a) (1996). Neither circumstance is applicable to petitioner, and thus do not support his Motion to Amend. Further, supersedeas in the criminal context applies primarily to prevent the trial court from effecting a sentence that is on appeal. *See Waters v. State*, 174 Ga. App. 438, 439 (1985); *DeSouza v. State*, 285 Ga. App. 201, 203 (2007)("'[T]he filing of a notice of appeal merely deprives the trial court of its power to execute the sentence.'"); and *Strickland v. State*, 258 Ga. 764, 765 (1988)(same). Issuance of a final judgment of conviction terminates the right to any supersedeas. *Morrison v. State*, 126 Ga. App. 565, 565 (1972). Petitioner was already serving his sentence when he filed his appeal of the Gwinnett County decision, so his supersedeas argument would be inapplicable, were he appealing a criminal decision.

A habeas action is a civil action, though, and Chapter Six of Title Five of the Georgia Code has a slightly more expansive view of

the supersedeas effect of appeals in the civil context. *See Schofield v. Meders*, 280 Ga. 865, 870 (2006). In all civil cases, the filing of a notice of appeal as contemplated by O.C.G.A. §§ 5-6-37 and -38 "shall serve as a supersedeas upon payment of all costs in the trial court by the appellant". O.C.G.A. § 5-6-46(a) (2005). Where the appellant proceeds *in forma pauperis*, no supersedeas takes effect until the filing of an affidavit of indigence. O.C.G.A. § 5-6-47(a) (1966); *see Boyd v. JohnGalt Holdings, LLC*, 318 Ga. App. 866, 869 (2012). Thus, petitioner's appeal of the Gwinnett County decision would have supersedeas effect *only* upon the filing of (1) an application for a Certificate of Probable Cause with the Supreme Court of Georgia; (2) notice of appeal with the court from which petitioner is appealing; *and* (3) an affidavit of indigence. O.C.G.A. §§ 9-14-52(a), 5-6-37 to -38, -47(a).

Here, petitioner filed his application for a Certificate of Probable Cause on April 26, 2006, his notice of appeal on May 19, 2006, and his Amended Notice of Appeal on May 31, 2006,[2] all before the Murray County Superior Court corrected the clerical error in his sentence on June 28, 2006. (Mot. to Expand the R. [27] at App. B, R. of State Habeas Proceedings, at 51-57, App. A, R. of State Habeas

---

[2] These dates are the source of some dispute. For a thorough discussion of their accuracy and effect, see the Magistrate Judge's Order and Final Report and Recommendation [36].

9

Proceedings, at 5-14, Final Disposition of Sup. Ct.)  Petitioner did not file his affidavit of indigence until August 23, 2006,[3] however, which is the earliest point at which any supersedeas would have attached.  (*Id.* at App. A, R. of State Habeas Proceedings, at 12-18.) As this was roughly two months after the Murray County Superior Court corrected petitioner's sentence, it would not have deprived the court of jurisdiction or the authority to do so.  Thus, petitioner's Motion to Amend fails on the merits.

## 2. Petitioner Has Not Shown Manifest Injustice

Second, petitioner has not shown manifest injustice inherent in the action taken by the Murray County Superior Court.  Petitioner characterizes the Murray County court's action as a "re-sentencing", one that is "void *ab initio* as an unauthorized exercise of authority" at that.  (Mot. to Amend [63] at 6.)  The result of this purportedly invalid action is that petitioner, he claims, "has no valid sentence." (*Id.*)  Ignoring that the actions ordered by the Gwinnett County Superior Court and taken by the Murray County Superior Court affected *only one* of petitioner's eight sentences--one of which was for life without parole pursuant to O.C.G.A. § 17-10-7(a) and (c)--

---

[3] This date is also uncertain.  Petitioner signed his affidavit on August 2, 2006, but it was not stamped received until August 23, 2006.  The three-week difference has no effect on the Court's supersedeas analysis, though, as both dates occurred after the Murray County court's action.

10

the Murray County Superior Court did not re-sentence petitioner as he claims. It is eminently clear from the hearing conducted by the Murray County Superior Court when considering the State's motion to modify petitioner's sentence that the court imposed two life sentences pursuant to § 17-10-7. (*See* Notice [7] at 32-40.) That the memorialization indicated that one of those life sentences was imposed pursuant to § 17-10-6.1 is obviously an error. At the hearing, the court engaged the parties in a lengthy discussion regarding § 17-10-7. (*See, e.g.*, *id.* at 16-17, 21-24, 30-34.) Section 17-10-6.1, on the other hand, was only mentioned once, as far as the Court can find, and then, only in a passing reference as support for imposition of a sentence for rape under § 17-10-7. (*Id.* at 38.) The Gwinnett County Superior Court recognized this, and characterized remand as being only for the correction of clerical errors. (Notice [7] at Ex. 1, Pt. 1, at 13-16.) Further, the Murray County Superior Court's production order did not bring petitioner before the court for a "re-sentencing", but rather only "to correct sentence". (Mot. to Expand the R. [27] at Ct. Prod. Order.) And, as described above, had petitioner's appeal of the Gwinnett County order acted as a supersedeas, it would not have prevented the Murray County court from taking this corrective clerical action when it did. Thus no manifest injustice exists.

Petitioner's federal habeas petition was pending for five years

prior to the filing of the present motion. In that time, the Court relaxed the standard of review to allow petitioner to file a motion for reconsideration as to the original dismissal, allowing him to set out in detail why he was unable to timely file his federal habeas petition, (Order [14]); granted his Motion for Reconsideration as to the first dismissal of his habeas petition (Order [17]) and then appointed him a lawyer, (*id.*; Order [18]); required the magistrate judge to hold an evidentiary hearing (Order [42]); granted multiple extensions of time for his filing deadlines, (*see, e.g.*, Verbal Order, Dkt. at June 11, 2009); permitted him to expand the record, (Order, Dkt. at Jan. 1, 2010); and gave him the benefit of the doubt with respect to all disputed tolling periods, (*see, e.g.*, Order [61] at 5 n.3). The Court painstakingly analyzed petitioner's arguments, the record, and the recommendations of the Magistrate Judge, and, in a sixty-nine page Order and Opinion, ultimately determined that petitioner had not established a connection between his mental health issues and his delay in filing his federal habeas petition. For that reason, the Court granted the State's Motion to Dismiss. There is no good reason why petitioner could not have pursued this argument earlier. Further, nothing in petitioner's Motion to Amend convinces the Court its decision was incorrect. For this and the above reasons, the Court **DENIES** petitioner's Motion to Amend [63].

## CONCLUSION

For the foregoing reasons, the Court **DENIES** petitioner Phillip Morris Lewis's Motion to Alter or Amend Judgment and to Stay and Hold Proceedings in Abeyance [63]. The Clerk of Court is directed to again **CLOSE** this case.

SO ORDERED, this 15th day of AUGUST, 2014.


　　　　　　　　　　　　　　　　/s/ Julie E. Carnes
　　　　　　　　　　　　　　　　JULIE E. CARNES
　　　　　　　　　　　　　　　　Circuit Judge, sitting by designation
　　　　　　　　　　　　　　　　as District Judge

AO 72A
(Rev.8/82)